IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEFLECTO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0116-CV-W-ODS |
| ) | |
| DUNDAS *JAFINE INC., ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION</u>

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. # 23). The Motion is denied.

## I. BACKGROUND

This is a patent infringement suit. Deflecto LLC ("Deflecto") is a manufacturer, seller, and distributor of dryer vents and venting-related products. It owns two patents: (1) the "Hooded Exhaust Vent," Patent No. 5,916,023 ("the '023 Patent"); and (2) the "Exhaust Vent with External Guard," Patent No. 5,722,181 ("the '181 Patent"). Defendant Dundas*Jafine Inc. ("Dundas Jafine") also manufactures and sells dryer vents, including the ProMax, Modified ProMax, and ProGard.

The ProGard has been sold by Dundas Jafine since 2006. Deflecto has been aware of its existence for many years. Tr. 157:20-158:9; 159:4-8; 169:14-24. Since April 2013, Dundas Jafine has not manufactured, sold, or offered to sell any of the ProMax vents, as it was replaced by the Modified ProMax. Tr. 191:10-18; 234:24-235:4; 12:21-25.

From April 2013 until August 2013, the Modified ProMax was shipped to Dundas Jafine's customers in packaging displaying photographs of the original ProMax. Tr. 145:15-22; 192:7-193:16. Dundas Jafine presented evidence that since August 2013, it

has only shipped Modified ProMax vents in packaging displaying the Modified ProMax. Tr. 192:7-193:16.  Deflecto did not counter that evidence.

Both parties compete for Home Depot's business.  Home Depot is Deflecto's largest customer making up the majority of its business, while Dundas Jafine has several major customers.  Tr. 130:4-12; 164:16-165:7; 191:25-192:6.  At some point in time not established in the record, Home Depot and Dundas Jafine made an agreement for Dundas Jafine's product line to appear in in the Northeast region—which accounts for 400 of 1900 total Home Depot stores.  Tr. 185:25-186:6.  Deflecto's dryer vent line has thus been replaced with Dundas Jafine products in all Home Depot stores in the Northeast.  Tr. 138.  Deflecto contends that pulling Deflecto's products from the Northeast represented a loss of 30 percent of Deflecto's Home Depot volume.  Tr. 141:10-24.  Deflecto's products are still available in stores outside of Home Depot's Northeast region.

Deflecto filed the instant action in February 6, 2013.  On June 25, 2013, it filed its Second Amended Complaint, which raises raises four counts.  Counts I and II allege that Dundas Jafine's dryer vents infringe upon the '023 and '181 patents.  Count III raises a false advertising an unfair competition claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Deflecto avers that Defendant is committing acts of unfair competition and deceptive advertising by displaying illustrations and photos on the Modified ProMax packaging that are inconsistent with the visual aspects of the product.  Count IV brings common law unfair competition claim.

On June 7, 2013, Deflecto filed a Motion for Preliminary Injunction seeking an order from the Court enjoining Dundas Jafine from infringing the '181 and '023 patents.  On September 18, 2013, a hearing was held on Deflecto's Motion.  The Court will now consider Deflecto's Motion.

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant."  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  In deciding whether to grant or deny a motion for

preliminary injunction, the Court must balance four factors: (1) the movant's reasonable likelihood of success on the merits; (2) the irreparable harm the movant will suffer if preliminary relief is not granted; (3) the balance of hardships tipping in the movant's favor; and (4) the impact of the injunction on the public interest. *Dataphase Sys., Inc. v. CL Sys. Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Id.* (quoting *Bandag, Inc. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999). Thus, a preliminary injunction is not appropriate when there is an adequate remedy at law. *Id.*; *see also Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2s 734, 738 (8th Cir. 1989).

In this case, Deflecto has the burden to demonstrate that without injunctive relief, it is likely that it will be injured and that such injury will not be compensable by monetary damages if it prevails on the merits. Deflecto has not met that burden. Deflecto argues it will be irreparably harmed absent an injunction because: (1) if Dundas Jafine continues to manufacture its dryer vents, Deflecto will continue to lose business with Home Depot resulting in lost sales and the layoff of additional employees; (2) Dundas Jafine's allegedly infringing ProMax and ProGard vents will further erode Deflecto's market share; and (3) Dundas Jafine's dryer vents compete directly with Deflecto's and the sale of Dundas Jafine's vents is causing price erosion.

Absent from Deflecto's filed briefs, or arguments made during the hearing, is a persuasive argument—or even a mention—explain why money damages would be inadequate to compensate it for the aforementioned alleged harms. Although Deflecto may very well believe that the alleged harm is real and significant, the facts establish that Deflecto's alleged harms are quantifiable. Tr. 141:16-142:2. Should Deflecto prevail on the merits at trial, it has not established that damages, in the form of royalties or other costs would be inadequate to compensate it for the alleged infringement.

Deflecto raises other bases for irreparable harm—none of which are persuasive. First, it argues that it will suffer the inability to regain market share once it is lost. Deflecto presented evidence suggesting that it *may* lose visibility in the market place

and *may* lose more business *if* Home Depot gives all of its business to Dundas Jafine. Tr. 144:10-12; 141:3-9; 153-154. However, Deflecto can only speculate that it will lose its visibility in the market place as there is no guarantee that the loss will occur. Tr. 154:25-155:3; 165:1-7; 183:9-15. A party seeking an injunction must demonstrate a *probability*, not merely a *possibility*, of irreparable harm in the absence of an injunction. *Winter, et. al. v. Natural Resources Defense Counsel, Inc., et al.*, 555 U.S. 7, 24 (2008).

Next, Deflecto argues that absent an injunction it will suffer the loss of goodwill and reputation in the market place. This argument is without merit. Deflecto can only speculate that it *may* lose more business, which *may* result in the loss of goodwill and reputation in the marketplace. Further, the Court is not convinced that whether loss of goodwill and reputation could not be addressed through money damages if Deflecto is successful on the merits. *See Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013); *see also Rogers Group, Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789-90 (8th Cir. 2010) ("While a district court may choose to require more than a loss of goodwill to demonstrate irreparable harm, the district court ultimately has discretion to determine 'whether an alleged harm requires more substantial proof.'").

Finally, Deflecto argues that it will suffer the inability to control its own patents absent an injunction. One of the allegedly infringing products—the ProGard—has been sold by Dundas Jafine since 2006. Evidence was presented at trial that Deflecto has been aware of its existence for many years. Tr. 157:20-158:9; 159:4-8; 169:14-24. If Deflecto's inability to control its own patents was truly a significant harm, Deflecto would not have waited until early 2013 to file to suit. Thus, Deflecto's delay in bringing this lawsuit also weighs against a finding of irreparable harm.

With regard to Deflecto's false advertising and unfair competition claim, the Court is not convinced that Dundas Jafine is continuing to ship the Modified ProMax to Dundas Jafine's customers in packaging displaying photographs of the original ProMax. *See* Tr. 192:7-193:16. Plaintiff indicates it has been able to purchase the Modified ProMax in incorrect packaging, but Plaintiff did not purchase the item from Dundas Jafine. It may be that Dundas Jafine violated the Lanham Act in the past, but the Court is not presently persuaded that any such violations are continuing at this time. In short,

4

there is no demonstrated need for an injunction because there has been no continuing demonstration that there is anything to be enjoined.

The Court concludes that Deflecto has failed to establish irreparable harm as it can be fully compensated with money damages should it succeed on the merits. Accordingly, the extraordinary remedy of issuing a preliminary injunction is not appropriate. The Court need not address the other *Dataphase* factors after concluding that Deflecto has failed to meet its burden in establishing irreparable harm. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction.").

### III. CONCLUSION

Deflecto's Motion for Preliminary Injunction is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 30, 2013          UNITED STATES DISTRICT COURT