IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEFLECTO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0116-CV-W-ODS |
| ) | |
| DUNDAS *JAFINE INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING
## PLAINTIFF DEFLECTO, LLC'S MOTION TO RECONSIDER

Pending is Plaintiff Deflecto, LLC's Motion to Reconsider (Doc. # 69). Deflecto, LLC ("Deflecto") moves the Court to reconsider its Order Denying Plaintiff's Motion for Preliminary Injunction. The Motion is denied.

### I. BACKGROUND

This is a patent infringement suit. Deflecto is a manufacturer, seller, and distributor of dryer vents and venting-related products and owns two patents at issue in this case. Deflecto filed the instant action on February 6, 2013. On June 25, 2013, Deflecto filed its Second Amended Complaint, which alleges Dundas*Jafine Inc. ("Dundas Jafine") infringed on Deflecto's patents. The Second Amended Complaint also raises a false advertising and unfair competition claim.

On June 7, 2013, Deflecto filed a Motion for Preliminary Injunction seeking an order from the Court enjoining Dundas Jafine from infringement of its patents. On September 18, 2013, a hearing was held on Deflecto's Motion. On October 30, 2013, this Court entered an Order and Opinion Denying Plaintiff's Motion for Preliminary Injunction (hereinafter "October Order") (Doc. # 67). The Court concluded that Deflecto failed to establish irreparable harm and thus, the extraordinary and *equitable* remedy of issuing a preliminary injunction was not appropriate. The Court declined to address the other *Dataphase* factors because the failure to show irreparable harm is "an

independently sufficient ground upon which to deny a preliminary injunction."[1] October Order at 5 (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

## II. STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). Motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006). "A district court has broad discretion when ruling on a request for a preliminary injunction, and it will be reversed only for clearly erroneous factual determinations, an error of law, or an abuse of its discretion." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 983 (8th Cir. 2013) (quoting *Aaron v. Target Corp.*, 357 F.3d 768, 773-74 (8th Cir. 2004)).

## III. DISCUSSION

### A. Preliminary Injunction Factors

Plaintiff invites the Court to reconsider its October Order, which found that Plaintiff failed to establish irreparable harm. The Court stated:

> Deflecto has failed to establish irreparable harm as it can be fully compensated with money damages should it succeed on the merits. Accordingly, the extraordinary remedy of issuing a preliminary injunction is not appropriate. The Court need not address the other *Dataphase* factors after concluding that Deflecto has failed to meet its burden in establishing irreparable harm.

---

[1] In deciding whether to grant or deny a motion for preliminary injunction, the court considers four factors: (1) the movant's reasonable likelihood of success on the merits; (2) the irreparable harm the movant will suffer if preliminary relief is not granted; (3) the balance of hardships tipping in the movant's favor; and (4) the impact of the injunction on the public interest. *Dataphase Sys., Inc. v. CL Sys. Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

2

October Order at 5.

Deflecto avers that the Court is required to address all four preliminary injunction factors and cites to *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) for support. Deflecto contends, "[s]ince *eBay*'s holding, Eighth Circuit and Federal Circuit cases alike recognize that in ruling on a motion for preliminary injunction, the Court should address all four preliminary injunction factors." Pl's Brief (Doc. # 70) at 5. In support of its proposition, Deflecto cites to one 2006 case and two cases decided before *eBay*. Pl's Brief at 5 (citing *Lankford v. Sherman*, 451 F.3d 496, 513 (8th Cir. 2006); *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352 (Fed. Cir. 2002); *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988)).[2]

In *eBay*, the Supreme Court found that the District Court—in deciding whether to grant or deny injunctive relief— "departed in the opposite direction from the four-factor test," and instead "articulated a general rule, unique to patent disputes, that a permanent injunction will issue once infringement and validity have been adjudged." 547 U.S. at 393-94 (internal quotations omitted). The District Court further indicated that injunctions should only be denied in the "unusual case," "under exceptional circumstances," and "in rare instances . . . to protect the public interest." *Id.* at 394 (internal quotations omitted). The Supreme Court held that courts cannot automatically grant or deny injunctive relief based on the nature of the case nor on the court's general sense of justice, but rather there exists specified factors that guide the court's discretion. *Id.* This Court concludes that *eBay* does not support Deflecto's contention that *all* four factors *must* be resolved when a court concludes the plaintiff has failed to establish one of the prerequisites for injunctive relief. Instead, the Supreme Court merely concluded that a district court should apply the traditional four-factor framework because "categorically" denying or granting injunctive relief is not appropriate. *Id.* ("We hold only that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity . . . ."). The October Order in this case did

---

[2] In *Hybritech Inc. v. Abbott Labs.*, the District Court granted a preliminary injunction. The case tells us nothing about what is required when a district court finds one factor missing.

3

not categorically deny the injunction; that is, it did not deny the injunction based on the nature of the claims asserted. Rather, the Court found a fatal failure to establish one of the requirements for injunctive relief.

Neither do the other cases cited by Deflecto support its contention that all four preliminary injunction factors must be addressed. In *Lankford*, the District Court denied a preliminary injunction, finding that the plaintiffs failed to establish the first factor—likelihood of success on the merits. 451 F.3d at 502. The District Court did not make findings on the other three factors. *Id.* at 513. On appeal, the Eighth Circuit found that the plaintiffs established a likelihood of success of the merits. *Id.* Accordingly, because district courts are in the best position to evaluate all of the evidence and weigh the factors, the case was reversed and remanded in order for the District Court to consider the other factors. *Id.*

Further, in *Jack Guttman*—another case cited by Deflecto—the Federal Circuit actually held that analyzing all four *Dataphase* factors was not necessary. 302 F.3d at 1356. The court stated:

> While granting a preliminary injunction requires analysis of all four factors, a trial court may . . . deny a motion based on a patentee's failure to show any one of the four factors—especially either of the first two—*without analyzing the others*.

*Id.* (emphasis added) (listing "likelihood of success on the merits" and "irreparable harm" as the first two factors).

The nature of the remedy—and logic—confirms this conclusion. Suppose a litigant demonstrated absolutely zero chance of success on the merits. Deflecto's argument would require the court to nonetheless consider the degree of irreparable harm facing the litigant—as if a sufficient amount of harm could overwhelm the complete lack of chance of success on the merits. This is plainly not the case. Similarly, the entire purpose for equitable remedy is to provide a remedy when legal remedies are unavailing. When legal remedies are available, there is no need for injunctive relief. This explains the Federal Circuit's statement in *Jack Guttman* permitting district courts to deny injunctive relief if either of these requirements is lacking.

The Court concludes it was not necessary to resolve all four *Dataphase* factors and thus modifying the October Order is not appropriate. Deflecto has failed to point to any manifest error in law or exceptional circumstance justifying extraordinary relief. The Court reiterates from its October Order that the "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." October Order at 5 (quoting *Watkins v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

B. Irreparable Harm

Next, Deflecto contests the Court's conclusion that irreparable harm was not established. It contends that a "new" decision from the Federal Circuit—*Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296 (Fed. Cir. 2013)—provides the extraordinary circumstance for granting the Rule 60(b) motion. The Court concludes that *Sequenom* provides nothing new to justify modifying the Court's October Order.

*Sequenom* was decided after the parties briefed the preliminary injunction motion, but before the preliminary injunction hearing. In that case, the Federal Circuit held that "price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Sequenom*, 726 F.3d at 1304 (quoting *Celsis in Vitro, Inc. v. CelizDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012)). Unlike in this case, in *Sequenom* the District Court found that price and market erosion *would* occur. *Id.* at 1304. However, in this case, the Court concluded that Deflecto's alleged bases for irreparable harm—including the inability to regain market share and the loss of goodwill and reputation—were not persuasive and were speculative. This Court stated:

> Deflecto presented evidence suggesting it *may* lose visibility in the market place and *may* lose more business *if* Home Depot gives all of its business to Dundas Jafine. However, Deflecto can only speculate that it will lose its visibility in the marketplace as there is no guarantee that this loss will occur.
>
> . . . Deflecto can only speculate that it *may* lose more business, which *may* result in the loss of goodwill and reputation in the marketplace.

October Order at 4. The Court recognizes—as it did in its October Order—that price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are

5

all valid grounds for finding irreparable harm. However, the Court concluded that Deflecto failed to meet its burden in establishing irreparable harm. The Court was not required to believe the evidence presented by Deflecto concerning the inability to regain market share and the loss of goodwill and reputation.

Next, Deflecto argues the Court made a mistake in finding that Deflecto's alleged harm was quantifiable and reparable. Deflecto argues that reputation and goodwill can constitute irreparable injury because they are impossible to quantify in terms of dollars. As previously discussed, the Court was unconvinced that Deflecto would suffer these harms. Deflecto also failed to meet its burden with regard to irreparable harm because it never established that monetary damages would be insufficient. An injunction is only appropriate when there is no adequate remedy at law. *See Bandag, Inc. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) ("[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

### C. Recall

Finally, Deflecto argues the Court's denial of preliminary injunction on the false advertising and unfair competition claims was unsupported by law. Specifically, Deflecto states that a court may issue an injunction even if the infringer alleges it has ceased infringement before the injunction issues. Pl's Brief at 12 (citing *Heaton Distributing Co. v. Union Tank Car Co.*, 387 F.2d 477 (8th Cir. 1967)).

In its October Order, the Court stated:

> With regard to Deflecto's false advertising and unfair competition claim, the Court is not convinced that Dundas Jafine is continuing to ship the Modified ProMax to Dundas Jafine's customers in packaging displaying photographs of the original ProMax. Plaintiff indicates it has been able to purchase the Modified ProMax in incorrect packaging, but Plaintiff did not purchase the item from Dundas Jafine. It may be that Dundas Jafine violated the Lanham Act in the past, but the Court is not presently persuaded that any such violations are continuing at this time. In short, there is no demonstrated need for an injunction because there has been no continuing demonstration that there is anything to be enjoined.

October Order at 4-5. The Court agrees with Deflecto that a Court *may* issue an injunction. However, what Deflecto fails to recognize is that a district court has the discretion to issue an injunction. Under the circumstances of this case, the Court did

6

not find it proper to issue an injunction and the Court declines to reconsider modifying its October Order.

## IV. CONCLUSION

For the aforementioned reasons, the Court denies Deflecto's Motion to Reconsider.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 15, 2014                UNITED STATES DISTRICT COURT