IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEFLECTO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0116-CV-W-ODS |
| | ) | |
| DUNDAS *JAFINE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO EXCLUDE TECHNICAL OPINIONS AND TESTIMONY OF MARSHALL HONEYMAN**

Defendant Dundas Jafine Inc. ("Defendant") moves to exclude the technical opinions and testimony of Marshall Honeyman ("Honeyman"). Doc. #109. The Motion is granted.

## I. Legal Standard

The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In determining the admissibility of expert testimony, the Court uses the following three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). Federal Rule of Evidence 702 provides that a witness may be "qualified as an expert by knowledge, skill, experience, training, or education…" Fed. R. Evid. 702.

## II. Discussion

*A.*

Defendant contends Marshall Honeyman's technical opinions should be excluded because he is not one of ordinary skill in the art. The Court agrees.

The Federal Circuit has held, "[d]espite the complexity of patent law, patents are not for inventions of law; they are for inventions of technology." *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1296 (Fed. Cir. 2012). Thus, it is an "abuse of discretion to permit an attorney to testify as an expert on issues of infringement and validity, when the attorney [is] not qualified as an expert in the technical subject matter." *Id*. This is because the issues of infringement and validity "are analyzed…from the perspective of a person of ordinary skill in the art." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361 (Fed. Cir. 2008). "Unless a patent lawyer is also a qualified technical expert, his testimony on these kinds of technical issues is improper and thus inadmissible." *Id*. at 1362. If a witness is not "offered as a technical expert, and in fact [is] not qualified as a technical expert, it [is] an abuse of discretion… to permit [that witness] to testify as an expert on the issues of noninfringement and invalidity." *Id*. Rather, to testify on these issues, which "call[] for consideration of evidence from the perspective of one of ordinary skill in the art," the witness must be "qualified as an expert in the pertinent art." *Id*. at 1363.[1]

Plaintiff admits that it does not offer Honeyman as a technical expert, which is fatal to Plaintiff's position. If Honeyman is not a technical expert, he cannot testify on matters such as infringement and invalidity, which require the perspective of one of ordinary skill in the art.

Even if Plaintiff offered Honeyman as a technical expert, he would not qualify as such. Plaintiff asserts Honeyman has technical experience for a variety of reasons. Honeyman has a Bachelor's Degree in Mechanical Engineering. Honeyman has performed countless evaluations of mechanical devices, of which dryer vents qualify. For example, Honeyman reviewed mechanical devices in "the lighting area" at the

---

[1] Notably, Plaintiff never directly addresses these holdings of *Sundance*.

2

United States Patent and Trademark Office ("PTO"). Additionally, Honeyman testified at the Preliminary Injunction Hearing that he had "experience with technologies relative to venting." Doc. #58, page 25. He further testified that he has "done work in the area of HVAC, heating, ventilating, and cooling," all of which involves venting. *Id.* at 26. He also testified that he worked with "a client that creates…air flow systems associated with the dry cleaning industry." *Id.* However, most if not all of his experience in HVAC, heating, ventilating, cooling, and venting was done as an attorney, not as an engineer. *Id.* at 30. The listed experience does not demonstrate that Honeyman is one of ordinary skill in the art of dryer venting, and thus, is insufficient to qualify Honeyman as a technical expert.

Plaintiff argues that courts regularly allow patent attorneys to opine on technical matters. Plaintiff cites to several cases in support of this argument, but its reading of these cases is misguided. Plaintiff relies on *Snellman v. Ricoh Co., Ltd.*, but in that case, the Federal Circuit merely summarized expert testimony in the context of upholding a jury verdict. 862 F.2d 283, 287-88 (Fed. Cir. 1988). Further, the Federal Circuit later held that in *Snellman*, "[n]either party raised the admissibility of the patent lawyer's testimony nor did we address this issue. The opinion mentions the patent lawyer's testimony in just two sentences without any analysis of the propriety of such testimony." *Sundance*, 550 F.3d at 1362-63.

Plaintiff also relies on *Static Control Components, Inc. v. Lexmark International, Inc.* Nos. 02-571, 04-84, 2007 WL 7083655 (E.D. Ky. May 12, 2007). As a preliminary matter, this case is not binding authority on this Court, and it was decided prior to the *Sundance* decision. Further, the sole basis for challenging the patent attorney was whether he could testify as an expert about the law. *Id.* at * 7. The court did not consider whether he also was a technical expert. *Id.* at * 7-8.

Plaintiff points to *Donnelly Corp. v. Gentex Corp.* in support of its position. 918 F. Supp. 1126 (W.D. Mich. 1996). Again, this case is not binding authority on this Court, and it also was decided prior to the *Sundance* decision. Additionally, the bases for challenging the experts in the *Donnelly* case were (1) whether the experts would testify as to what the law was, and (2) whether the experts' testimony would be duplicative. *Id.*

3

at 1137. The Court did not discuss whether the experts were qualified as technical experts. Furthermore, it is not even clear whether the experts were attorneys.

Plaintiff also looks to *Amstar Corp. v. Envirotech* for support. 823 F.2d 1538 (Fed. Cir. 1987). However, in *Amstar*, there was no challenge to the admission of the experts' testimonies and no discussion of the experts' qualifications. As in *Donnelly*, it is not clear that the experts were attorneys.

Finally, Plaintiff cites *Bettcher Industries, Inc. v. Bunzl USA, Inc.* for the proposition that patent attorneys can opine on technical matters. 661 F.3d 629 (Fed. Cir. 2011). The factual scenario of *Bettcher* is easily distinguishable from the case at hand. In *Bettcher*, a patent attorney allegedly provided the defendant with an unwritten opinion as to whether the defendant was likely to win an infringement case. The trial court admitted the patent attorney's testimony to the extent it was relevant to the defendant's state of mind and "its bearing on indirect infringement." *Id.* at 649. During closing arguments, the defendant's counsel "wrongly characterized" the patent attorney's testimony. *Id.* at 648. However, plaintiff did not object at trial to this incorrect characterization. *Id.* at 649. Because plaintiff failed to object at trial, the Federal Circuit found the "threshold of prejudice [defendant had to] establish to be entitled to a new trial" was raised. *Id.* Given this heightened standard, the Federal Circuit determined the trial court did not abuse its discretion in admitting the patent attorney's testimony.

Plaintiff makes several other arguments as to why Honeyman's testimony should not be excluded. Plaintiff argues Honeyman is qualified as an expert by knowledge, skill, experience, training, and education; and then Plaintiff lists Honeyman's legal and patent experience. For example, Plaintiff notes that Honeyman worked for the PTO as both a patent examiner and a PTO Solicitor at the Federal Circuit, that he has filed and prosecuted patents, and that he has over 20 years of experience in writing, reviewing, and evaluating patents. All of this may be true and all of this may qualify Honeyman as some other kind of expert, but it does not qualify Honeyman as a technical expert who can opine on matters requiring the view of one of ordinary skill in the art.

Plaintiff asserts Defendant urges the Court to find that only an inventor qualifies as an expert who can opine on matters requiring the perspective of one of ordinary skill

4

in the art. Defendant does no such thing. Rather, Defendant merely argues – correctly – that to opine on technical matters, a witness must qualify as a technical expert.

Plaintiff argues that people of ordinary skill in the art are not the only people who can testify as experts in patent cases. The Court agrees, but this argument does not aid Plaintiff's position. A party may very well have a legal expert or a damages expert, but if a witness is going to opine on matters requiring the perspective of one of ordinary skill in the art, then that witness must qualify as a technical expert.

Plaintiff maintains Honeyman's opinions are a necessary foil to the opinions of Defendant's expert Dr. Terry Faddis. Quite simply, Faddis's opinions have nothing whatsoever to do with whether or not Honeyman's opinions should be excluded.

*B. Prior Rulings*

Plaintiff argues this Court has rejected Defendant's position on three prior occasions. However, Plaintiff mischaracterizes the Record. First, Plaintiff points to the transcript from the Preliminary Injunction Hearing, in which the Court permitted Honeyman to testify. Doc. #58. To the extent Plaintiff believes the Court qualified Honeyman as an expert to opine on technical matters at the hearing, Plaintiff misunderstood the Court's rulings and read more into those rulings than was intended. Rather, the Court simply intended to allow each witness to testify at the hearing, and then after the hearing, the Court would determine what testimony was admissible. *See* Doc. #58, 109: 16-18.

Second, Plaintiff points to the Court's April 2, 2014 Order which allowed Honeyman to testify at the Claim Construction hearing. Doc. #89. Therein, the Court did not determine Honeyman was qualified as a technical expert. Rather, the Court ruled that while it would permit Honeyman to testify at the Claim Construction Hearing, the Court would take Defendant's Motion to Exclude said testimony under advisement and would issue a ruling on Defendant's Motion when it entered the Claim Construction Order. *Id*.

Finally, Plaintiff points to the Court's April 17, 2014 Order which granted in part and denied in part Defendant's Motion to Exclude Marshall Honeyman's Testimony at the Claim Construction Hearing. Doc. #93. In that Order, the Court only denied

Defendant's Motion to the extent Honeyman's testimony facilitated admitting the intrinsic evidence into the record. However, the Court expressly stated that it did not rely on Honeyman's testimony as an expert when construing the claim terms, and thus, the Court granted Defendant's Motion to Exclude Honeyman's testimony as an expert. *Id.* In none of these instances did the Court qualify Honeyman as a technical expert who could opine on issues such as invalidity or infringement.

### III. Conclusion

In sum, the Court finds Marshall Honeyman is not qualified as a technical expert. Accordingly, his opinion and testimony are excluded to the extent that he opines on technical matters that require the perspective of one of ordinary skill in the art, such as invalidity and infringement. Because this provides sufficient grounds for the Court to grant Defendant's Motion Exclude Technical Opinions and Testimony of Marshall Honeyman, the Court need not address the remainder of Defendant's arguments.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 4, 2015  UNITED STATES DISTRICT COURT