IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEFLECTO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-0116-CV-W-ODS |
| | ) |
| DUNDAS *JAFINE INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF DR. TERRY FADDIS**

Plaintiff Deflecto, LLC ("Plaintiff") moves to exclude the testimony and opinions of Dr. Terry Faddis ("Faddis"). Doc. #106. The Motion is granted in part and denied in part.

## I.  Legal Standard

The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In determining the admissibility of expert testimony, the Court uses the following three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). The third requirement is based on Federal Rule of Evidence 702, which permits expert opinions at trial if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3)

the expert has reliably applied the principles and methods, and (3) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

## II. Discussion

### A.

Plaintiff argues Faddis is not qualified as one of ordinary skill in the art or as an expert on technology, and thus, Faddis cannot testify regarding technical matters.[1]

The Federal Circuit has held, "[d]espite the complexity of patent law, patents are not for inventions of law; they are inventions of technology." *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1296 (Fed. Cir. 2012). Issues of infringement and invalidity "are analyzed…from the perspective of a person of ordinary skill in the art." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361 (Fed. Cir. 2008). If a witness is "not qualified as a technical expert, it [is] an abuse of discretion…to permit [that witness] to testify as an expert on issues of noninfringement and invalidity." *Id.* To opine on these issues, which "call[] for consideration of evidence from the perspective of one of ordinary skill in the art," the witness must be "qualified as an expert in the pertinent art." *Id.* at 1363.

The Court finds that Faddis's credentials qualify him as a technical expert who can opine on factual matters that require the perspective of one of ordinary skill in the art. Here, the parties agree that the technology at issue is dryer vents, which involves venting principles and plastic mold design. Faddis practiced as an engineer for 15 years, and for the last 30 years he has taught mechanical engineering at the University of Kansas. Doc. #139-2. During his career as an engineer, Faddis was involved in "the research, design, manufacture, and implementation of venting for gas fired dryers." Doc. #139-1. He also designed pieces of equipment for printing press machinery, which

---

[1] The Court notes that neither party has provided an analysis of what one of ordinary skill in the art would be in this case. In making this determination, courts often consider: "(1) the educational level of the inventor; (2) type of problems encountered in the art; (3) prior art solutions to those problems, (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field." *Environmental Designs, Ltd. v. Union Oil Co. of California*, 713 F.2d 693, 696 (Fed. Cir. 1983) (citation omitted). Despite the parties' lack of discussion on this issue, they seem to agree that the technology is not incredibly sophisticated. Moreover, as an engineer, Faddis was involved in the research, design, manufacture, and implementation of venting for gas fired dryers. Thus, the Court finds Faddis is qualified as one of ordinary skill in the art at issue in this case.

2

required the design of venting systems.  *Id.*  Further, he was "involved in the design, mold, manufacture, and use of plastic injection molded parts."  *Id.*

As a professor and former Chairman of the Mechanical Engineering Department at the University of Kansas, Faddis has "been responsible for the mechanical engineering curriculum including machine design courses," which is one of his areas of specialization.  *Id.*  In his machine design courses, he teaches heating, cooling, venting, and ducting.  *Id.*  He also has taught and/or overseen the curricula for classes that involve "the plastic injection mold process, from conception and design through manufacture and use."  *Id.*  While Plaintiff argues Faddis's engineering background has nothing to do with venting technologies, air movement, or plastic mold design; the above recitation of Faddis's experience proves otherwise.

Plaintiff also argues that during the Preliminary Injunction Hearing, the Court explained that a person with these types of credentials would not qualify as a technical expert.  Plaintiff fundamentally mischaracterizes the Court's statements at the Preliminary Injunction Hearing.  In fact, the Court provided no discussion whatsoever regarding someone with a background similar to Faddis's.  Rather, the Court merely ruled that Plaintiff's expert, Marshall Honeyman ("Honeyman"), would be permitted to testify at that stage of the proceeding.  Doc. #58.  Insofar as Plaintiff believes this ruling was a discussion of someone with a background similar to Faddis's, Plaintiff has read a great deal more into that ruling than was intended.

Plaintiff notes Faddis has no experience with patents, patent prosecution, and is not a lawyer.[2]  This assertion may be true, but Defendant is not offering Faddis as a legal expert of any sort.  Rather, Defendant is offering Faddis as a technical expert, and "the exclusion of a technical expert for the reason that he is not a lawyer is contrary to Federal Rule of Evidence 702 and the benefits of technological assistance in resolution of technological issues."  *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d at 1296.

---

[2] Plaintiff claims Defendant's Counsel, not Faddis, wrote Faddis's Expert Reports.  Plaintiff's argument rests on the tenuous premise that Faddis is not a qualified expert, and therefore, he must not have written his Expert Reports.  Plaintiff provides no evidentiary support for its assertion, and the Court finds this argument unpersuasive.

3

The Court finds Faddis qualifies as a technical expert and that Faddis is permitted to testify about factual matters that require the perspective of one of ordinary skill in the art. However, Faddis will not be permitted to make ultimate legal conclusions, as that would invade the province of the Court to do so. *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1313 (Fed. Cir. 2013); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008).

*B.*

Plaintiff asserts Faddis's opinions regarding obviousness should be excluded because his methodology is unreliable.

First, Plaintiff maintains Faddis's opinion is unreliable because he did not explain how he determined what the prior art was for his obviousness analysis. An obviousness finding is a legal conclusion based on several factual inquiries including "the scope and content of prior art." A prerequisite to this factual inquiry is determining what the relevant prior art is. *See In re Clay*, 966 F.2d 656, 658 (Fed. Cir. 1992).

Plaintiff's argument falls flat. Merely asserting Faddis does not explain how he conducted a search, without more, is insufficient. Plaintiff does not explain the method by which Faddis should have determined what the prior art is. Notably, Plaintiff does not suggest that Faddis's search yielded prior art, aside from the Shames patent, that is irrelevant. There seems to be no disagreement that a search was conducted, as Faddis examined a certain number of patents in his obviousness analysis. Accordingly, Plaintiff's argument goes to the weight of Faddis's opinion, not its admissibility.

Next, Plaintiff argues Faddis's Expert Report did not "explain what feature of each prior art reference could teach each limitation, or why one skilled in the art would be motivated to choose from the world of prior art." Plaintiff points to *Innogenetics, N.V. v. Abbott Laboratories* in support of its position, but the expert report in that case is distinguishable from Faddis's Report. 512 F.3d 1363 (Fed. Cir. 2008). In *Innogenetics*, the Federal Circuit found the expert's opinion was "vague and conclusory" when the expert "merely list[ed] a number of prior art references and then conclude[d] with the stock phrase 'to one skilled in the art it would have been obvious' [to combine the prior art references to practice the claimed method]." *Id.* at 1373-74. A simple review of

4

Faddis's report demonstrates he provided a much more detailed analysis than the *Innogenetics* expert provided. *See e.g.*, Doc. #107-6, ¶ 244.

Plaintiff also maintains Faddis identified certain features in the prior art that do not actually exist. For instance, Plaintiff maintains that Faddis incorrectly asserts that the Doelfel patent discloses a "snap-fit assembly." Here, Plaintiff is not actually identifying a flaw in Faddis's methodology. Rather, Plaintiff is disagreeing with Faddis's opinion. This type of disagreement does not warrant exclusion of Faddis's testimony.

Plaintiff also argues Faddis's opinion is unreliable because he failed to discuss the extent to which each of the prior art references would have been known to patent examiners during the patent process. Plaintiff does not explain why this would make Faddis's opinion unreliable, nor does Plaintiff cite to any legal authority for this argument. In essence, Plaintiff is faulting Faddis for not guessing what someone else knew. The Court finds this is not a proper basis for excluding Faddis's opinion.

Finally, Plaintiff maintains Faddis's opinion is unreliable because he does not opine on secondary considerations of nonobviousness.[3] Determining whether a patent is invalid due to obviousness rests on underlying factual inquiries including, "(1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; (4) the extent of any proffered objective indicia of nonobviousness, sometimes termed secondary considerations." *Rockwell Int'l Corp. v. U.S.*, 147 F.3d 1358, 1362 (Fed. Cir. 1998). In determining whether a patent is obvious, the Court must consider all evidence relating to obviousness and non-obviousness "before finding a patent invalid on those grounds." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1075 (Fed. Cir. 2012).

The party asserting invalidity based on obviousness has the burden of persuasion to establish by clear and convincing evidence that a patent is invalid. *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed Cir. 1996). The burden of persuasion "never shifts during the course of the litigation." *Novo Nordisk A/S v. Caraco*

---

[3] In its Reply Suggestions, Plaintiff states, "Defendant has made no showing of obviousness such that any consideration of secondary considerations would be necessary." Doc. #142, page 8. This assertion contradicts Plaintiff's position. If the evaluation of secondary considerations is not necessary, why would Faddis be required to opine on this issue?

*Pharm. Labs., Ltd.*, 719 F.3d 1346, 1353 (Fed. Cir. 2013). However, the burden of production does shift during the course of litigation. *Id.* Initially, the party asserting invalidity must produce evidence demonstrating that the patent is obvious. *Id.* Only after that party has successfully done so, is the patentee required to come forward with evidence of nonobviousness/secondary considerations. *Id.*

Thus, Faddis is not required to opine on a subject for which Defendant does not have the burden of production. Regardless, a review of Faddis's Report indicates he did opine on secondary considerations of nonobviousness. *See* Doc. #107-6, pages 57-58. Accordingly, Faddis's opinion will not be excluded on this basis.

*C.*

Plaintiff asserts Faddis's opinions regarding infringement should be excluded because they are unreliable. Plaintiff argues that because Faddis is not a patent attorney he is not qualified to opine on issues of infringement, and due to his lack of qualifications, he "repeatedly misreads the patents" and "improperly evaluates the claims at issue."

Plaintiff's argument is problematic for a variety of reasons. First, Plaintiff's argument does not actually address the methodology of Faddis's opinion; rather, Plaintiff is addressing Faddis's qualifications. The Court already has discussed Faddis's qualifications in Section II.A, and determined Faddis was qualified as a technical expert, and could testify about infringement issues. In essence, Plaintiff appears to simply disagree with Faddis's opinions. This is not a proper basis to exclude expert testimony.

Second, Plaintiff's argument is contrary to Federal Circuit authority. A patent attorney is not permitted to testify on infringement, unless that attorney also is qualified as a technical expert. *Sundance*, 550 F.3d at 1362. Similarly, a technical expert will not be deemed unqualified merely because he or she is not an attorney. *Outside the Box Innovations, LLC*, 695 F.3d at 1296.

Thus, Faddis will be permitted to opine on infringement issues. However, to the extent Faddis makes ultimate legal conclusions, the Court excludes that testimony. *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1313 (Fed. Cir. 2013); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008).

Finally, Plaintiff claims Faddis's opinions are "wrong on their face, unclear, and/or incomprehensible." Doc. #107, page 11. In support of this claim, Plaintiff points to the rebuttal report of its proffered expert, Honeyman. First, Honeyman has been excluded from testifying on technical matters such as infringement. Second, a review of Honeyman's rebuttal report indicates Honeyman merely disagrees with Faddis's opinions. Doc. #107-8. Disagreement with Faddis's opinion does not provide a proper basis for exclusion of testimony.

*D.*

Plaintiff asserts Faddis's testimony is unnecessary for two reasons. First, Plaintiff argues the technology is easily understood. This is a curious argument given Plaintiff offered Honeyman as an expert to opine on similar topics as Faddis. In any event, Plaintiff points to *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, in support of its position. 695 F.3d 1285 (Fed. Cir. 2012). However, the *Outside the Box* Court only held that an expert is not required if the technology is simple; the Court did not hold that an expert's testimony must be excluded if the technology is simple. *Id.* at 1296.

Second, Plaintiff argues Faddis's testimony is unnecessary because, unlike Honeyman, Faddis is unqualified to be an expert. This argument strains logic. Honeyman's qualifications have nothing to do with whether Faddis's testimony and opinions are necessary, much less whether they are admissible.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Exclude Testimony and Opinions of Dr. Terry Faddis is granted in part and denied in part. The Court finds Faddis is qualified as a technical expert and is permitted to opine on matters requiring the perspective of one of ordinary skill in the art. However, to the extent Faddis makes ultimate legal conclusions, that testimony is excluded.

IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 4, 2015              UNITED STATES DISTRICT COURT